**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4495

NORMAN RAY WILLIS, a/k/a Pizza
Man,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-98-15-A)

Submitted: April 13, 1999

Decided: April 26, 1999

Before MURNAGHAN and ERVIN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Michael E. Rich, OFFICE OF THE UNITED
STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After the district court denied his motion to suppress statements and evidence, Norman Ray Willis entered a conditional plea of guilty to bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1999), and use of a firearm in connection with the robbery, 18 U.S.C.A. § 924(c) (West Supp. 1999). Willis reserved his right to appeal the denial of his motion to suppress evidence. On appeal, he contends that the officers lacked probable cause to arrest him, that his statements were elicited in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and that his statements were not voluntary because he was kept in isolation for hours after his arrest and he was under the influence of crack cocaine. He further asserts that his subsequent statements, given after being informed of his rights and signing a waiver of those rights were also inadmissible because they were tainted by the earlier inadmissible statements. Finding no error by the district court, we affirm.

Willis first contends that the arresting officers lacked probable cause to arrest him. He was initially arrested for operating a motor vehicle with stolen tags. Willis was the driver and sole occupant of the gray Dodge Aries-K that the officers had determined had stolen license tags. At the time he was stopped, Willis was in the process of driving the vehicle from the motel parking lot. This constitutes operation of a vehicle with stolen tags. Because the officers saw Willis operate the vehicle, the district court properly determined that they had probable cause to arrest him for this offense. See Md. Ann. Code art. 27, § 594B (Supp. 1998); United States v. Watson, 423 U.S. 411, 418 (1976).

Next, Willis contends that, in light of the length of time he was kept in the interrogation room and the fact that he had smoked crack cocaine earlier in the day, his statements to Detectives Jernigan and Isaac were not voluntary. The district court made factual findings that

2

Willis' statements to Detectives Jernigan and Isaacs were voluntary. Specifically, the district court found that Detective Jernigan's statements to Willis that he was a suspect in a number of robberies in Prince George's County were not a means of interrogation, and, in any event, these statements did not result in any comment or admission by Willis. Also, the district court found that even if Willis had smoked crack prior to his arrest, his ability to understand, perceive, and make judgments in his interest was not adversely affected. We find that these factual findings were not clearly erroneous. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Given the district court's factual findings, we conclude that Willis' will was not overborne, nor was his capacity for self-determination impaired. See United States v. Guay, 108 F.3d 545, 549 (4th Cir. 1997). Rather, his statements to the officers were voluntary and admissible.

Willis also contends that he did not voluntarily waive his rights prior to Jernigan's interrogation of him, and therefore, his statement to Jernigan and all of his subsequent statements were tainted and should have been suppressed. The district court found credible Jernigan's testimony that he informed Willis of his rights and that Willis acknowledged his understanding of these rights, but refused to sign the waiver of rights form. This court gives due deference to the district judge's opportunity to assess the credibility of witnesses and will only reverse the court's factual findings if they are clearly erroneous. See United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992). Applying this standard, we find no clear error, and conclude that Willis' statements to Detectives Jernigan and Isaacs were knowing, voluntary, and admissible. Willis' subsequent statements to Detective Davis and Special Agents Luciano and Timko, preceded by Willis' waiver of his rights after being properly advised, were also voluntary and thus admissible.

Willis argues that his testimony that he requested an attorney during his initial meeting with Jernigan was uncontradicted. He also testified that he informed Isaacs, Luciano, and Timko that he had requested that Jernigan contact his attorney. These officers all testified that Willis did not so inform them. Also, the district court found Willis' testimony on this fact incredible. This credibility determination by the district court will be upheld by this court unless it is clearly erroneous. See Williams, 977 F.2d at 870. In light of the other

3

officers' testimony that Willis did not inform them that he had requested an attorney, despite his testimony that he did so inform them, we find no clear error in the district court's decision to discredit Willis' testimony.

In conclusion, we affirm the district court's order denying Willis' motion to suppress evidence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4